### LACK v. WATTS et al.

(Supreme Court, Appellate Term, First Department. February 14, 1913.)

JUDGMENT (§ 163*)—FAILURE TO SERVE WITH PROCESS—MOTION TO VACATE— PROCEDURE.

Where defendant seeks to set aside the judgment, alleging that he had never been served with summons in the action or with a copy of the complaint, and the only evidence in contradiction of such affidavit is that of the person claiming to have served the summons, who alleges such service to have been' made at a certain time and place, and the affidavit of a third party that at about such time and place he was with the person serving the summons, and he stated that he had some business to transact, the testimony of the witnesses should have been taken in open court where they could have been cross-examined, or the matter should have been sent to a referee to hear and report.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 323; Dec. Dig. § 163.*]

Appeal from City Court of New York, Special Term.

Action by Harry Lack against Stephen K. Watts, impleaded with David M. Ingber and Jacob Verlit, doing business as copartners under the firm name and style of Ingber & Co., and Minnie K. Brown. From an order of the City Court of the city of New York denying his motion for an order vacating and setting aside the service of the summons and complaint and vacating the judgment entered thereon, defendant Stephen K. Watts appeals. .Modified and affirmed.

Defendant filed an affidavit denying that the summons and complaint were ever personally served on him. Plaintiff submitted three affidavits, one of which stated, in substance, that he was with affiant, who indorsed an affidavit of service on the summons at a certain date, when such affiant excused himself to transact other business, and that its occurrence was at the time and place stated in the affidavit of the party alleged to have served the summons. An affidavit by the attorney of plaintiff stated no facts, but called the attention of the court to alleged insufficiencies in the affidavit of defendant. The affidavit of the person alleged to have served the summons alleged, in substance, such service on the defendant at a named place at a certain date.

Argued February term, 1913, before SEABURY, GERARD, and BIJUR, JJ.

Kellogg & Rose, of New York City (Asa B. Kellogg, of New York City, of counsel), for appellant.

Mortimer W. Solomon, of New York City. (Harry A. Gordon, of New York City, of counsel), for respondent.

PER CURIAM. Under the peculiar circumstances of this case, we think that the Special Term of the City Court should have taken the testimony of the witnesses under oath in open court when they could have been cross-examined, or should have sent the matter to a referee to hear and determine and report.

The order is therefore modified by directing that the court below take the oral testimony of such witnesses as may be offered by either party or that a reference be ordered, and, as so modified, affirmed without costs of this appeal to either party.